UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KYAIRA JUMPER,

Plaintiff,

v.

ELEANOR HOLMES NORTON, House of Representative, and EASTERN SEABOARD,

Defendants.

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**

26-cv-113 (LDH) (JRC)

LASHANN DEARCY HALL, United States District Judge:

Kyaira Jumper ("Plaintiff"), proceeding pro se, brings the instant action against Congresswoman Eleanor Holmes Norton and Eastern Seaboard (together, "Defendants").[1] (Compl., ECF No. 1.) Plaintiff's request to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, is granted. For the reasons set forth below, the Complaint is dismissed.

## BACKGROUND[2]

In the Statement of Claim section of the Complaint, Plaintiff alleges, "5 false arrest – 25 mega, states NJ, GA," "52 crisis detainment – 772 mega, states NJ, GA [*sic*]," "traffic harassment – 100 mega, state NJ [*sic*]," "publicity contribute – 7 mega, state FL [*sic*]," and "social security harassment – 17 mega, NY [*sic*]." (Compl. at 5.) Further, when setting forth the

[1] The Court notes that Plaintiff has filed eleven complaints since August 2025. (*See* Compl., *Jumper v. 84th Precinct*, No. 25-CV-4399 (Aug. 1, 2025), ECF No. 1; Compl., *Jumper v. State of New Jersey*, No. 25-CV-4400 (Aug. 1, 2025), ECF No. 1; Compl. *Jumper v. Cephus*, No. 25-CV-4966 (Sep. 4, 2025), ECF No. 1; Compl., *Jumper v. 911 Dispatcher*, No. 25-CV-5285 (Sep. 18, 2025), ECF No. 1; Compl., *Jumper v. Edwards*, No. 25-CV-1770 (Oct. 6, 2025), ECF No. 1; Compl., *Jumper v. Patel*, No. 25-CV-6645 (Dec. 1, 2025), ECF No. 1; Compl., *Jumper v. Roberts II et al.*, No. 25-CV-6952 (Dec. 15, 2025), ECF No. 1; Compl., *Jumper v. Holmes-Norton et al.*, No. 26-CV-113 (Jan. 8, 2026), ECF No. 1.; Compl., *Jumper v. Kalanick et al*, No. 26-CV-1277 (Mar. 5, 2026), ECF No. 1; Compl., *Jumper v. Kings County Supreme Court et al*, No. 26-CV-1567 (Mar. 17, 2026), ECF No. 1.)

[2] The following facts taken from the complaint are assumed to be true for the purpose of the instant motion, unless otherwise noted.

relief sought, Plaintiff writes, "15 year gap, criminal record, damaged and suspended driver license, fame gap recovery, continuely [*sic*] stop payment." (*Id.* at 6.)

**STANDARD OF REVIEW**

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (per curiam)). This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).

Still, "even pro se plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.' " *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555). And under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

**DISCUSSION**

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "An action is 'frivolous" when either: (1) 'the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is 'based on an indisputably meritless legal theory.' " *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir.1998) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990)). Here, the Complaint, liberally construed, asserts a claim for false arrest against Defendants. To state a claim for false arrest under New York and federal law, a plaintiff must allege that she was arrested without probable cause. *Perkins v. Solomon*, No. 17-CV-3683, 2026 WL 530652, at *4 (E.D.N.Y. Feb. 25, 2026) (citing *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 114, 118-19 (2d Cir.1995), *cert. denied*, 517 U.S. 1189 (1996); and then citing *Bernard v. United States,* 25 F.3d 98, 102 (2d Cir. 1994)); *Loria v. Desain*, No. 18-CV-6541, 2019 WL 5394211, at *4 (W.D.N.Y. Oct. 22, 2019) (citing *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). Here, Plaintiff fails to allege a single fact from which the Court could infer that she was arrested without probable

cause. (*See* Compl.) Indeed, the Complaint contains only an allegation that Plaintiff was falsely arrested five (5) times. (*See id.* at 5.) It is well settled that such a conclusory allegation is insufficient to state a claim for false arrest. *See Iqbal*, 556 U.S. at 678. Because Plaintiff has failed to plausibly allege facts in satisfaction of a false arrest claim, the Complaint is dismissed.

**CONCLUSION**

For the foregoing reasons, the Complaint is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 29, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge